| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> BIELLI & KLAUDER, LLC <br> Robert J. Lohr II, Esquire (010151995) <br> 1905 Spruce Street <br> Philadelphia, PA 19103 <br> Telephone: (215) 642-8271 <br> Facsimile: (215) 754-4177 <br> rlohr@bk-legal.com <br> *Counsel to the Debtor-in-Possession* |
| **In re:** <br><br>     **PRANAV DESAI,** <br><br><br>                        **Debtor.** |

Case No. 20-23494-CMG

Chapter 11

Judge:  Christine M. Gravelle

## **CHAPTER 11 PLAN OF THE DEBTOR PRANAV DESAI**

    Debtor/Plan Proponent respectfully submits his Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code, in the form annexed hereto and made a part hereof.

Dated: July 23, 2021                                       By:     /s/  Pranav Desai

**TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | | INTRODUCTION | 1 |
| II. | | CLASSIFICATION | 2 |
| | A. | General Overview | 2 |
| | B. | Definitions | 2 |
| | C. | Unclassified Claims | 9 |
| | | 1. Administrative Expenses and Fees | 9 |
| | | 2. Priority Tax Claims | 11 |
| | D. | Classified Claims and Interests | 11 |
| | | 1. Classes of Secured Claims | 11 |
| | | 2. Priority Non-Tax Claims | 15 |
| | | 3. Class of General Unsecured Claims | 15 |
| | | 4. Class of Retained Interests | 18 |
| | E. | Acceptance or Rejection of Plan | 18 |
| | F. | Means of Effectuating the Plan | 18 |
| | | 1. Funding for the Plan | 18 |
| | | 2. Post-Confirmation Management | 19 |
| | | 3. Disbursing Agent | 19 |
| III. | | TREATMENT OF MISCELLANEOUS ITEMS | 19 |
| | A. | Executory Contracts and Unexpired Leases | 19 |
| | | 1. Assumptions | 19 |
| | | 2. Rejections | 20 |
| | B. | Changes in Rates Subject to Regulatory Commission Approval | 21 |
| | C. | Retention of Jurisdiction | 21 |
| | D. | Procedures for Resolving Contested Claims | 22 |
| | E. | Notices under the Plan | 22 |
| IV. | | EFFECT OF CONFIRMATION OF PLAN | 22 |
| | A. | Discharge | 22 |
| | B. | Revesting of Property in the Debtor | 23 |
| | C. | Modification of Plan | 23 |
| | D. | Post-Confirmation Conversion/Dismissal | 24 |
| | E. | Post-Confirmation Quarterly Fees | 24 |

# I.

# INTRODUCTION

Pranav Desai (the "Debtor") is an adult individual, and the debtor in possession in this Chapter 11 bankruptcy case. On December 11, 2020, the Debtor commenced a bankruptcy case by filing a voluntary Chapter11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. §§ 101 *et seq*. This document is the Chapter 11 plan ("Plan") proposed by the Debtor ("Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District ofNew Jersey (the "Court"), and which is provided to help you understand the Plan.

This is a plan of reorganization. In other words, the Proponent seeks to accomplish payments under the Plan by contributions deriving from the Debtor's interests in restaurant operations. The Plan contemplates current payments to certain parties, and for the payment of certain Secured Claims from the Debtor's income. Payments to professionals, taxes and unsecured creditors are pursuant to a "waterfall" plan, where moneys generated post-confirmation are paid out in order of priority, first to Administrative claims, then to Priority claims and then ultimately General Unsecured claims. The Debtor will commit assets with a value equal to the Completion Amount, equivalent to their projected excess cash flow over expenses for a period of five years from the Effective Date. The Effective Date of the proposed Plan is the date on which the order confirming the Plan becomes final.

## II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.     General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.     Definitions**

**Scope of Definitions.** For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan. In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1. **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of his business or for the acquisition or lease of property or the in rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and confirmation of this Plan. This includes fees and costs

of counsel Bielli & Klauder, LLC.

2. **Affirmative Litigation** means the claims for affirmative recovery the Debtor possesses against third parties, including those described in the Disclosure Statement Part II.E.

3. **Allowed** when used as an adjective preceding the word "Claims" shall mean any Claim against of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of Claim against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

4. **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507(a)(1) of the Bankruptcy Code.

5. **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

6. **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

7. **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. Section 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151.

8. **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075, and also referred to as the Federal Rules of Bankruptcy Procedure.

9. **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey are authorized by law to close.

10. **Chapter 11 Case** shall mean the instant case under Chapter 11 of the Bankruptcy Code in which Pranav Desai is the Debtor.

11. **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all claims as such term is defined in Section 101(5) of the Bankruptcy Code.

12. **Class** shall mean a grouping of substantially similar Claims for common treatment thereof pursuant to the terms of this Plan.

13. **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

14. **Completion Amount** means the amount of Plan funding that complies with Sections 1129(a)(7), (a)(15) and (b)(2), as defined in the Disclosure Statement Part III.D.2.

15. **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

16. **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

17. **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

18. **Creditor** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor.

19. **Debt** means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Bankruptcy Code.

20. **Debtor** shall mean Pranav Desai.

21. **Disbursing Agent** shall mean Pranav Desai, or any party appointed by Debtor and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims pursuant to the provisions of the Plan and Confirmation Order.

22. **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtor as required pursuant to Section 1125 *et seq.* of the Bankruptcy Code, as amended from time to time.

23. **Disposable Income** means the projected disposable income of the Debtor as defined in Section 1325(b)(2) of the Bankruptcy Code.

24. **Effective Date** shall mean the day on which the Confirmation Order becomes a Final Order.

25. **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

26. **Funding Source** means the various sources of funding for the Plan as described in the Disclosure Statement Part III.D.3.

27. **Impaired** when used as an adjective preceding the words "Class of Claims" shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

28. **Litigation Rights** means the claims, rights of action, suits, or proceedings, whether in law or in equity, whether known or unknown, that the Debtor or his Estate may hold against any Person (except to the extent such claims are expressly released under the Plan), which are to be retained by the Reorganized Debtor pursuant to the Plan, including, without limitation, claims or causes of action arising under or pursuant toChapter 5 of the Bankruptcy Code.

29. **New Value Buyback** means the Debtor's contribution as described in the Disclosure statement Part III.D.1.

30. **New Value Contribution** means the contribution of money or money's worth to the plan by Pranav Desai as described in the Disclosure Statement Part III.D.1.

31. **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

32. **Petition Date** shall mean the date on which the Debtor filed his petition for relief commencing the Chapter 11 Case.

33. **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments made by the Debtor from time to time.

34. **Primary Residence** means the real property at 10 Orchard Grove, Monroe Township, NJ 08831.

35. **Priority Non-Tax Claim** shall mean a Claim entitled to priority under Sections 507(a)(2), (3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

36. **Priority Tax Creditor** shall mean a Creditor holding a Priority Tax Claim.

37. **Priority Tax Claim** shall mean any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

38. **Proceedings** shall mean the Chapter 11 Case of the Debtor.

39. **Professional Persons** means and refers to all attorneys, accountants, appraisers, auctioneers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

40. **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

41. **Proponent** means Pranav Desai.

42. **Reorganized Debtor** means the Debtor, after confirmation of the Plan.

43. **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

44. **Unsecured Claim** shall mean any Claim against the Debtor which arose, or which are deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by Section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under Sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

45. **Other Definitions,** a term used and not defined herein but that is defined in the Disclosure Statement or Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto, "hereunder", and of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in thePlan. Moreover, some terms defined herein are defined in the section in which they areused.

**C.    Unclassified Claims**

Certain types of claims are not placed into voting classes; instead, they are unclassified. They are not considered impaired, and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

### 1. Administrative Expenses and Fees

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 503(b). Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case. The Bankruptcy Code requires that all administrative expenses be paid on the Effective Date of the Plan unless a particular claimant agrees to a different treatment.

The following chart lists <u>all</u> of the Debtor's unpaid administrative fees and expenses ("Compensation"), an estimate of future professional fees and other administrative claims and fees and their treatment under the Plan:

| **NAME** | **AMOUNT** | **TREATMENT** | **TYPE OF CLAIM** |
|---|---|---|---|
| Bielli & Klauder, LLC | $20,000.00 | To be paid quarterly, from the Funding Sources. | Counsel to the Debtor |
| Quarterly U.S. Trustee Fees | $350.00 (estimated) | Paid in full on Effective Date | |
| | **TOTAL: $20,350.00 (estimated)** | | |

### a. Court Approval of Professional Compensation and Expenses Required:

The Bankruptcy Court must approve all professional compensation and expenses. Each professional person requesting compensation in the case pursuant to Sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety (90) days after the Confirmation Date. Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix fees payable to the Clerk's Office or the Office of the

9

United States Trustee, as those fees are determined by statute. Bielli & Klauder, LLC has agreed to be paid after the Effective Date.

### 2. Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires, and thus this Plan provides, that each holder of such a 507(a)(8) priority tax claim receives the present value of such claim in deferred cash payments, over a period not exceeding five (5) years from the Petition Date. The Debtor currently owes $1,613.89 to the State of New Jersey for income tax for the 2014 tax year.

The Debtor will make quarterly payments from the Funding Sources, with interest of 7.75% (for the State of New Jersey) or at the interest-rate in effect at the time of Confirmation in order to pay this Claim in full within 5 years of the Petition Date. To the extent this claim is reduced, available income for distribution to creditors will increase, though there is no guaranty of reduction. Any refunds in any taxable year following the Effective Date will be first used to offset prepetition tax liabilities.

### D. Classified Claims and Interests

### 1. Classes of Secured Claims

Secured claims are claims secured by liens on property of the estate. The following represent all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| **Class 1 Allowed Secured Claim of PNC Bank, N.A.** | Class 1 consists of the Allowed Secured Claim of PNC Bank, N.A., based upon the Loan Documents attached to Proof of Claim #7, to the extent allowed. The Claim is secured by a first-position lien on the Debtor's residence. The Claim is $230,702.22 pursuant to PNC Bank, N.A.'s Proof of Claim. | NO | NO | The Debtor will continue to make contract or adequate protection payments on account of this Claim. The Debtor is current on his obligations to PNC Bank, N.A., and there is no pre-Petition arrearage. |
| **Class 2 Allowed Secured Claim of PNC Bank, N.A.** | Class 2 consists of the Allowed Secured Claim of PNC Bank, N.A., based upon a first lien position for a mortgage on the Debtor's investment property located at 10 Twin Rivers Drive North, Hightstown, NJ 08520. Pursuant to Proof of Claim #8, the Claim is $107,845.41 with no pre-Petition arrears. | NO | NO | The Debtor will continue to make contract or adequate protection payments on account of this Claim. The Debtor is current on his obligations to PNC Bank, N.A., and there is no pre-petition arrearage. |
| **Class 3 Secured Claim of Centric Bank** | Class 3 consists of the Allowed Claim of Centric Bank. Centric Bank filed Proof of Claim #9 in the amount of $1,548,705.15, Centric bank has a second priority lien on the collateral being the Debtor's residence, as well as all personal property of Turtle Time JRP1 LLC, d/b/a Green Turtle Sports Bar & Grille. | NO | YES | The value of the Debtor's residence that is the collateral for this secured claim is $201,956.33. The secured portion of Centric Bank's Claim will be paid over a 10-year period from the Funding Sources.<br><br>The balance of this Claim, $1,346,748.82 will be reclassified as a Class 4 Unsecured Claim. |

**2.    Priority Non-Tax Claims**

Certain priority non-tax claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are entitled to priority treatment. No such claims exist. The Debtor has no unsecured claims entitled to priority.

**3.    Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). These claims are to be treated as follows:

| CLASS # | DESCRIPTION | IMPAIRED | TREATMENT |
|---|---|---|---|
| **Class 4** | General Unsecured Claims<br>• Total approximate amt of claims = $3,346,735.57 | Y | Pro rata payment from the disposable income remaining after distributions to Classes 1-3, to be paid in monthly installments over thirty-six (36) months. |

**4.    Class of Retained Interests**

Individual Debtor may not retain non-exempt property on account of their prior ownership of that property. They may retain non-exempt property on account of a contribution of new value reasonably equivalent to the retained non-exempt property.

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| Class 5 | The Debtor's retained interest in non-exempt estate property. This interest is the non-exempt, realizable equity in the Debtor's assets totaling $4,708. | YES | The Debtor will retain all of his interests in non-exempt estate property on account of the New Value Contribution. |

**E.    Acceptance or Rejection of Plan**

Each impaired class of Creditors with claims against the Debtor's estate shall be entitled to vote separately to accept or reject the Plan. A class of Creditors shall have accepted the Plan if

12

the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such class that have accepted or rejected the Plan. In the event that any impaired class of Creditors or Interest Holders shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

**F.    Means of Effectuating the Plan**

**1.    Funding for the Plan**

As discussed in greater detail in the Disclosure Statement Part III.D.3, the Plan will be funded by the contributions from the Debtor's disposable income. The total amount necessary to fund the Plan is the Completion Amount discussed in greater detail in the Disclosure Statement Part II.D.2.

**2.    Post-Confirmation Management**

Since the Debtor is an individual he will act as the manager of his own affairs but will not have a formal role or compensation.

**3.    Disbursing Agent**

Pranav Desai shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The disbursing Agent shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuantto the Plan.

**III.**

**TREATMENT OF MISCELLANEOUS ITEMS**

**A.    Executory Contracts and Unexpired Leases**

**1.    Assumptions**

The following are the unexpired leases and executory contracts to be assumed asobligations of the reorganized Debtor under this Plan:

None.

**The Debtor will determine by the Confirmation Date which additional contracts, if any, he intends to assume.**

On the Effective Date, each of the unexpired leases and executory contracts as determined by the Debtor shall be assumed as obligations of the reorganized Debtor. The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract. If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Planwithin the deadline for objecting to the confirmation of the Plan.

**2.      Rejections**

On the Effective Date, all executory contracts not assumed shall be deemed to be rejected. The order confirming the Plan shall constitute an order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THE EARLIER OF (I) THE DATE SET FORTH FOR FILING CLAIMS IN ANY ORDEROF THE BANKRUPTCY COURT APPROVING SUCH REJECTION OR (II) THIRTY (30) DAYS AFTER THE CONFIRMATION DATE.**

Any claim based on the rejection of an executory contract or unexpired lease will be barred

if the proof of claim is not timely filed unless the Court later orders otherwise.

**B.    Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.    Retention of Jurisdiction**

The Bankruptcy Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Bankruptcy Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the reorganized Debtor elects to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

**D.     Procedures for Resolving Contested Claims**

Objections to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the Reorganized Debtor or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order.

With respect to disputed Claims, the Disbursing Agent will hold in a separate interest-bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim, as listed either in the Debtor's schedules or the filed proof(s) of claim.

**E.     Notices under the Plan**

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent tothe Proponent, addressed to:

> Robert J. Lohr II, Esquire
> BIELLI & KLAUDER, LLC
> 1905 Spruce Street
> Philadelphia, PA 19103

## IV.

## EFFECT OF CONFIRMATION OF PLAN

**A.     Discharge**

This Plan provides that upon payment of the Completion Amount pursuant to this Plan, Debtor shall be discharged of liability for payment of debts incurred before Confirmation, pursuant 11 U.S.C.§ 1141. However, any liability imposed by the Plan will <u>not</u> be discharged.  If Confirmation of this Plan does not occur, the Plan shall be deemed null andvoid. In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any claims against the Debtor or his estate or any other persons, or to prejudice in any manner the rights of the Debtor or his estate or any person in any

16

further proceeding involving the Debtor or his estate. The provisions of this Plan shall be binding upon the Debtor and all Creditors, regardless of whether such Claims are impaired or whether such parties accept this Plan, upon Confirmation thereof.

**B.    Revesting of Property in the Debtor**

Except as provided in Section IV.D. hereinafter, and except as provided elsewhere in the Plan, the Confirmation revests all of the property of the estate in the Debtor. In accordance withSection 1123(b) of the Bankruptcy Code, each Debtor or Reorganized Debtor shall retain all of their respective Litigation Rights that such Debtor or Reorganized Debtor may hold against any Person and may enforce, sue on, settle, or compromise all such Litigation Rights, or may decline to do any of the foregoing with respect to any such Litigation Rights.

**C.    Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before Confirmation.  However, the Court may require a new disclosure statement or revoting on the Plan ifProponent modifies the Plan before Confirmation.

The Proponent may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated, (2) no order granting the Debtor a discharge pursuant to the Plan has been entered <u>and</u> (3) the Court authorizes the proposed modification after notice and a hearing.

**D.    Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing under the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property thathad been property of the Chapter 11 estate, except property included in the Chapter 11 estate under §1115, which has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the

17

automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

### E.     **Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. Section 1930(a)(6) continue to be payable to the office of the United States trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

Dated:  July 23, 2021                         By:      /s/ Pranav Desai

18