| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>THE STARK FIRM, PLLC<br>Linda B. Alle-Murphy, Esquire - 024662012<br>3017 Bolling Way NE<br>Atlanta, Georgia 30305<br>(404) 835-2729<br>Counsel for Creditor Centric Bank | |
| In Re:<br><br>PRANAV DESAI,<br><br>                Debtor. | Case No.:  20-23494-CMG<br><br>Chapter:  11<br><br>Hrg Date:  Sept. 7, 2021 at 2:00PM<br><br>Judge:  Hon. Christine M. Gravelle |

## CENTRIC BANK'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

NOW COMES CENTRIC BANK, by and through undersigned counsel, and submits this Objection to Debtor's Disclosure Statement ("Objection") to the adequacy of the Debtor's Disclosure Statement pursuant to Section 1125 of Title 11 of the United States Code (the "Disclosure Statement")[1] (Doc. 46 and 48) for Debtor's Chapter 11 Plan of Reorganization (the "Plan") (Doc. 46-1) and respectfully states as follows:

### RELEVANT BACKGROUND

1. On October 11, 2016, Centric Bank ("Centric Bank") loaned $1,644,000.00 to Turtle Time JRP I, LLC dba Green Turtle Sports Bar & Grille (the "Borrower"), which loan was guaranteed by the Small Business Administration ("SBA") ("Loan").

2. The Loan is evidenced by that certain Promissory Note in the amount of

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Disclosure Statement.

1

$1,644,000.00 executed by Borrower, in favor of Centric Bank (the "Note").

3. The Loan is secured by that certain Unconditional Guaranty executed by Debtor, Pranav Desai ("Debtor") and dated October 11, 2016.

4. The Loan was also secured by that certain Security Agreement dated October 11, 2016 and executed by Borrower in favor of Centric Bank (the "Security Agreement"). The Security Agreement provides Centric Bank is entitled to a priority first lien on all of Borrower's "Collateral" (as that term is defined in the Security Agreement) to secure the "Obligations" (as that term is defined in the Security Agreement). The lien on the "Collateral" is evidenced by that certain UCC Financing Statement filed on October 24, 2016 with the Secretary of the Commonwealth in Filing No. 2016102400827 and on November 7, 2016 in Filing No. 2016110701437 (collectively, the "Financing Statement").

5. The Loan is also secured by that certain Mortgage and Security Agreement, dated as of October 11, 2016, executed by Debtor, Tejasvi Desai and Sudha Desai, in favor of Centric Bank, recorded with the Middlesex City Clerk on December 16, 2016 in Book 16581, Page 0727 (the "Mortgage"). The Mortgage provides the "Premises" and the "Personal Property" (as defined in the Mortgage) secure the Loan. The "Premises" (as defined in the Mortgage) is located at 10 Orchard Grove, Monroe, NJ 08831.

6. On December 11, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7. Since the Petition Date, Debtor has remained in possession of his assets, including the assets that secure the Loan, and continues to operate his businesses and manage his affairs.

8. Centric Bank filed a timely proof of claim on February 18, 2021, reflecting a claim amount of $1,548,705.15. *See* Proof of Claim No. 9-1.

9. Debtor's Schedules I and J indicate that Debtor is not employed and his monthly net

income is -$1,429.39.

10. Debtor's Schedules indicate that he has de minimis non-exempt assets.

11. Debtor's claims no equity in his residence which secures the Loan.

12. Debtor's investment property has no non-exempt equity.

## DISCLOSURE STATEMENT

13. On July 23, 2021, Debtor filed his Disclosure Statement and Chapter 11 Plan. (Docs 45,46,48).

14. The Disclosure Statement indicates that Debtor is surrendering his vehicle, the monthly payment for which is $550 according to Schedule J.

15. The Disclosure Statement reflects administrative expenses estimated at $20,350.00.

16. The Disclosure Statement reflects a priority tax claim in the amount of $1,613.89.

17. The Disclosure Statement reflects Debtor's proposed plan, which is to pay the administrative expenses and priority tax claim in full; pay Class 1 and 2, both debts of PNC Bank per contract outside of the plan; and pay Class 3, debt of Centric Bank, a cramdown amount of $201,956.33 over 10 years without interest, leaving a general unsecured claim of $1,346,748.82 which will be treated as in Class 4.

18. The Disclosure Statement reflects approximate general unsecured claims treated in Class 4 of $3,346,735.57, which includes Centric Bank's unsecured claim of $1,346,748.82.

19. The Disclosure Statement calculates net equity of $4,708 in Debtor's assets, which Debtor proposes to retain in exchange for new value.

20. The Disclosure Statement calculates projected disposable income of $7,092.00 and refers to Exhibit C, which states Debtor's projections for the 36-month period of August 2021 through July 2023 (collectively, the "Projections").

21. The Projections fail to show how Centric Bank will be paid as a Class 3 claimant

from the "Funding Sources" for 10 years.

22.    The Disclosure Statement refers to a "net excess/(deficit) available for claims" in Exhibit C which totals $7,092.00; however, no such calculation is present in Exhibit C.

23.    Exhibit C includes a monthly automobile payment.

24.    The Funding Sources listed in the Disclosure Statement include tax refunds, litigation proceeds, Debtor's New Value Contribution or New Value Buyback, and Debtor's Disposable Income.

25.    The Disclosure Statement provides no information regarding how Debtor arrived at the figures in the Projection.

26.    The Disclosure Statement indicates that Debtor is surrendering his vehicle, which will increase his monthly net income, but the Projections show a motor vehicle payment.

27.    The Disclosure Statement asserts that the Plan will be feasible because Debtor, as set forth in the Projections, "…anticipates his disposable income will remain the same and possibly grow over the Plan period, allowing the Debtor to attain payment of the Completion Amount by various combination of the Funding Sources, as they become available."

28.    The Projections reflect projected income in August 2021 of $8,500 and projected expenses of $7,028, not including paying Class 3 Claimant, Centric Bank.

29.    The May Monthly Operating Report attached to the Disclosure Statement shows net wages YTD of $19,387.00, which averages $3,877.40 per month.

30.    Debtor's Schedule I and J reflect monthly household income of $10,363.18 and monthly expenses of $11,792.57, but the Disclosure Statement fails to address the discrepancy between the Projections and the Schedules.

31.    The Disclosure Statement provides for payment to Centric Bank over 10 years with no explanation of where the money is coming from to make these payments.

32. The Disclosure Statement provides no information about whether the Plan has any mechanism for ensuring that Debtor's actual disposable income is paid into the Plan in the event Debtor's income exceeds the Projections.

33. The Disclosure Statement suggests Class 4 will be paid with any disposable income, however, nothing in the Projections or Schedules evidence any disposable income to pay Class 4 Claimants.

### OBJECTIONS TO THE DISCLOSURE STATEMENT

34. To the extent any objection, in whole or in part, contained herein is deemed to be an objection to confirmation of the Plan rather than, or in addition to, an objection to the adequacy of the Disclosure Statement, Centric Bank reserves the right to assert such objection, as well as any other objections to confirmation of the Plan. Furthermore, to the extent Centric Bank is impacted in any way by the contents of any supplements or amendments to the Disclosure Statement or the Plan, which may be field after any Disclosure Statement or Plan confirmation objection deadline, Centric bank reserves the right to object thereto.

35. 11 U.S.C. § 1125(b) provides that a Chapter 11 plan proponent must submit a disclosure statement containing "adequate information" before soliciting plan voting.

36. 11 U.S.C. § 1125(a)(1) defines "adequate information" as information that is sufficient in detail so that impaired classes of creditors and interest holders can make an informed judgment about the plan. *See* Century Glove, Inc. v. First American Bank, 860 F.2d 94 (3d Cir. 1988); *see also* In re Ferretti, 128 B.R. 16, 18 (Bankr. D.N.H. 1991); In re Phoenix Petroleum Co., 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001).

37. The "determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."<u>Phoenix Petroleum</u> at 393, quoting <u>Matter of Texas Extrusion Corp.</u>, 844 F.2d 1142, 1157 (5th Cir. 1988).

38. Given creditors' and the court's reliance upon the disclosure statement, "the obligation to provide sufficient data to satisfy the Code standard of adequate information" cannot be overemphasized. <u>Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.</u>, 337 F.3d 314, 322 (3rd Cir. 2003).

39. Courts have held that an acceptable disclosure statement must contain "simple and clear language delineating the consequences of the proposed plan on [creditors] claims and the possible [Bankruptcy] code alternatives so that [creditors] can intelligently accept or reject the Plan." <u>In re copy Crafters Quickprint, Inc.</u>, 92 B.R. 973, 981 (Bankr. N.D.NY. 1988). In short, a proposed disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." <u>In re Ferretti</u>, 128 B.R. 16, 19 (Bankr. D. N. H. 1991).

40. "'Disclosure is the pivotal concept in reorganization practice under the code.'" <u>In re Lisanti Foods, Inc.</u>, 329 B.R. 491, 507 (Bankr. N.J. 2005), quoting Collier on Bankruptcy ¶ 1125.02. The disclosure statement should "provide creditors with relevant information on the likelihood and amount of eventual distributions." <u>Lisanti Foods</u> at 507.

41. In this case, the Disclosure Statement does not provide adequate information to creditors with respect to Debtor's current financial condition or prospective financial condition.

42. As set forth above, the Disclosure Statement does not provide sufficient information with respect to the Projections or the treatment of general unsecured creditors.

43. Debtor's proposal to fund the Plan, in part, with the proceeds of litigation is illusory, as the Disclosure Statement indicates that Debtor has no causes of action for recovery of money or

property, and Debtor provides no further indication of whether any other causes of action are available to him.

44. Debtor's proposal to fund the Plan, in part, with tax refunds is unsupported; Debtor has provided no information about whether he has received tax refunds in the past or whether he is likely to receive any in the future, and in what amount.

45. The Disclosure Statement fails to support how Class 3 Claimant will be paid.

46. The Disclosure Statement fails to support how Class 4 Claimants will be paid.

47. Centric Bank's Counsel requested financial information from Counsel for Debtor March 8, 2021 and still has yet to receive any information from Debtor.

48. According to Debtor's Schedules, Debtor is unemployed and claims his businesses operations have no market value.

49. Centric Bank is aware that Borrower is in active litigation with its landlord for nonpayment of rent which will likely result in the shut down of its business operations which is a source of income to fund the plan.

50. There may be other pending litigation affecting other businesses that Debtor claims an ownership interest that should be disclosed to creditors and taken into consideration on the feasibility and sustainability of the plan.

51. The Disclosure Statement's failure to address these issues leaves creditors with a lack of transparency regarding Debtor's financial condition and his prospects for not only confirming a plan but for consummating the terms of a plan if confirmed.

**WHEREFORE**, CENTRIC BANK respectfully requests that the Court deny approval of the Disclosure Statement and grant such other relief as the Court deems just and proper.

        Respectfully submitted,

**THE STARK FIRM, PLLC**

/s/ Linda B. Alle-Murphy
Linda B. Alle-Murphy, Esq. (024662012)
3017 Bolling Way NE
Atlanta, Georgia 30305
Phone: (267) 768-7901
Fax: (678) 894-8496
Primary Email: lindaallemurphy@starkfirmpllc.com
*Attorneys for Creditor - Centric Bank*

Dated August 24, 2021

8