| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>THE STARK FIRM, PLLC<br>Linda B. Alle-Murphy, Esquire - 024662012<br>3017 Bolling Way NE<br>Atlanta, Georgia 30305<br>(404) 835-2729<br>Counsel for Creditor Centric Bank | |
| In Re:<br><br>PRANAV DESAI,<br><br>　　　　　　　　　Debtor. | Case No.:   20-23494-CMG<br><br>Chapter:   11<br><br>Hrg Date:   December 7, 2021 at 2:00PM<br><br>Judge:   Hon. Christine M. Gravelle |

## CENTRIC BANK'S OBJECTION TO DEBTOR'S MODIFIED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

NOW COMES CENTRIC BANK, by and through undersigned counsel, and submits this Objection to Debtor's Modified Chapter 11 Plan of the Debtor Pranav Desai ("Objection") to Debtor's Modified Chapter 11 Plan of Debtor Pranav Desai (the "Plan") (Doc. 63-1) and respectfully states as follows:

### RELEVANT BACKGROUND

1. On October 11, 2016, Centric Bank ("Centric Bank") loaned $1,644,000.00 to Turtle Time JRP I, LLC dba Green Turtle Sports Bar & Grille (the "Borrower"), which loan was guaranteed by the Small Business Administration ("SBA") ("Loan").

2. The Loan is evidenced by that certain Promissory Note in the amount of $1,644,000.00 executed by Borrower, in favor of Centric Bank (the "Note").

3. The Loan is secured by that certain Unconditional Guaranty executed by Debtor,

1

Document    Page 2 of 5

Pranav Desai ("Debtor") and dated October 11, 2016.

4. The Loan was also secured by that certain Security Agreement dated October 11, 2016 and executed by Borrower in favor of Centric Bank (the "Security Agreement"). The Security Agreement provides Centric Bank is entitled to a priority first lien on all of Borrower's "Collateral" (as that term is defined in the Security Agreement) to secure the "Obligations" (as that term is defined in the Security Agreement). The lien on the "Collateral" is evidenced by that certain UCC Financing Statement filed on October 24, 2016 with the Secretary of the Commonwealth in Filing No. 2016102400827 and on November 7, 2016 in Filing No. 2016110701437 (collectively, the "Financing Statement").

5. The Loan is also secured by that certain Mortgage and Security Agreement, dated as of October 11, 2016, executed by Debtor, Tejasvi Desai and Sudha Desai, in favor of Centric Bank, recorded with the Middlesex City Clerk on December 16, 2016 in Book 16581, Page 0727 (the "Mortgage"). The Mortgage provides the "Premises" and the "Personal Property" (as defined in the Mortgage) secure the Loan. The "Premises" (as defined in the Mortgage) is located at 10 Orchard Grove, Monroe, NJ 08831.

6. On December 11, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7. Since the Petition Date, Debtor has remained in possession of his assets, including the assets that secure the Loan, and continues to operate his businesses and manage his affairs without adequate protection payments.

8. Centric Bank filed a timely proof of claim on February 18, 2021, reflecting a claim amount of $1,548,705.15. *See* Proof of Claim No. 9-1.

9. Debtor's Schedules I and J indicate that Debtor is not employed and his monthly net income is -$1,429.39.

10. Debtor's Schedules indicate that he has de minimis non-exempt assets.

11. Debtor's claims no equity in his residence which secures the Loan.

12. Debtor's investment property has no non-exempt equity.

## DISCLOSURE STATEMENT AND CHAPTER 11 PLAN

13. On July 23, 2021, Debtor filed his Disclosure Statement and Chapter 11 Plan. (Docs 45,46,48).

14. On August 24, 2021, Centric Bank filed Centric Bank's Objection To Debtor's Disclosure Statement for Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code (Doc. 56).

15. On October 19, 2021, Debtor filed his Modified Disclosure Statement ("Final Disclosure Statement") and Modified Chapter 11 Plan ("Amended Plan"). (Doc. 63).

16. This Court entered an Order Approving Disclosure Statement and Fixing Time for Acceptances or Rejections of Plan on October 20, 2021 (the "Order"). (Doc. 64).

17. Although, Debtor and Centric Bank resolved some issues, whereby Centric Bank agreed to no objection to the Final Disclosure Statement, other issues remained unresolved to be addressed after the filing of the Amended Plan, as agreed by Debtor and Centric Bank.

18. The Amended Plan reflects Debtor's proposed plan, which is to pay Class 1 debts of PNC Bank per contract outside of the plan; and pay Class 2, debt of Centric Bank, a cramdown amount of $201,956.33 over 12 years without interest and no adjustments to property appreciation, leaving a general unsecured claim of $1,346,748.82 which will be treated as in Class 3.

19. The Amended Plan reflects approximate general unsecured claims treated in Class 3 of $3,000,000.00, which includes Centric Bank's unsecured claim of $1,346,748.82.

20. The valuation of Debtor's residence and Debtor's equity in the residence is inaccurate. The property value is much higher than what is reflected in the Amended Plan.

21. Moreover, the valuation of Debtor's residence is likely to appreciate significantly over the 12 year period proposed by Debtor to pay – well beyond the life of the Chapter 11 Plan.

22. The Amended Plan fails to address how Centric Bank will be paid as a Class 3 claimant from the "Funding Sources" after the quarterly reconciliation should Centric Bank object.

23. Debtor has failed to provide Centric Bank requested financial information despite efforts to obtain such information.

### OBJECTIONS TO THE AMENDED PLAN

24. Centric Bank reserves the right to assert any other objections to confirmation of the Plan. Furthermore, to the extent Centric Bank is impacted in any way by the contents of any supplements or amendments to the Amended Plan, which may be filed after the Plan confirmation objection deadline, Centric Bank reserves the right to object thereto.

25. 11 U.S.C. § 1129(a) provides that a Chapter 11 plan must meet all the requirements of 11 U.S.C. § 1129(a).

26. 11 U.S.C. § 1129(a)(3) provides the plan must be proposed in good faith.

27. Centric Bank disputes the value of its secured collateral reflected in the Amended Plan as such valuation is grossly understated, especially over the life of the Amended Plan.

28. The Amended Plan is over a period of 5 years.

29. The Amended Plan is not feasible.

30. Centric Bank's Counsel requested financial information from Counsel for Debtor March 8, 2021 and still has yet to receive all of the requested information from Debtor.

31. According to Debtor's Schedules, Debtor is unemployed and claims his businesses operations have no market value.

32. Centric Bank is aware that Borrower is in active litigation with its landlord for

nonpayment of rent which will likely result in the shut down of its business operations which is a source of income to fund the plan.

**WHEREFORE**, CENTRIC BANK respectfully requests that the Court deny approval of the Amended Plan and grant such other relief as the Court deems just and proper.

Respectfully submitted,

**THE STARK FIRM, PLLC**

/s/ Linda B. Alle-Murphy
Linda B. Alle-Murphy, Esq. (024662012)
3017 Bolling Way NE
Atlanta, Georgia 30305
Phone: (267) 768-7901
Fax: (678) 894-8496
Primary Email: lindaallemurphy@starkfirmpllc.com
*Attorneys for Creditor - Centric Bank*

Dated November 30, 2021