UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail: Lauren.Bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 20-23494 (CMG) |
| Pranav Desai, | Chapter 11 |
| Debtor. | The Honorable Christine M. Gravelle |
| | Hearing Date: December 21, 2021 at 2 pm |

**OBJECTION OF THE UNITED STATES TRUSTEE TO MODIFIED CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY THE DEBTOR PRANAV DESAI**

The United States Trustee for Regions 3 & 9 ("U.S. Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), hereby asserts this objection ("Objection") to the confirmation of the *Modified Chapter 11 Plan of Reorganization Proposed by the Debtor Pranav Desai* ("Modified Plan") (Docket No. 63), and in support of the Objection, respectfully represents as follows:

## BACKGROUND

1. On December 11, 2020 ("Petition Date"), Pranav Desai ("Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  *See* Docket No. 1.

2. The Debtor continued to manage his affairs and property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On October 19, 2021, the Debtor filed the Modified Plan, which is the subject of this Objection. *See* Docket No. 63.

4. The Debtor's plan projections at Exhibit C show total monthly income of $8,500, which is $6,000 for W-2 income and $2,500 for distributions from "DMP & TIG DE & Frodo." *See* Docket No. 63-3. This does not appear to account for any payroll deductions. *See id*.

5. The plan projections also show monthly expenses totaling $6,706.67, which is comprised of mortgage ($2,240), utilities ($300), auto payment ($500), insurance ($2,500), and property taxes ($1,166.67)[1]. *See id*. The Debtor does not include other basic living expenses, such as food. *See id*. The Debtor's monthly plan payments total $2,888. *See id*. Accordingly, total monthly disbursements equal $9,595.67. *See id*. This exceeds the projected monthly income by $1,095.67, resulting in a monthly deficit.

6. The Debtor's two most recent MORs are for September and October 2021. *See* Docket Nos. 70 and 73. The September MOR shows gross income of $5,539.00, payroll deductions of $2,751, and expenses of $4,478, resulting in a negative net monthly income of ($1,690). *See* Docket No. 70. The October MOR shows gross income of $5,539.00, payroll deductions of $2,751, and expenses of $8,146, resulting in a negative net monthly income of ($5,358). *See* Docket No. 73. The October MOR also shows an ending cash balance for the month of $1,503. *See id*.

## LEGAL ANALYSIS

7. Pursuant to 11 U.S.C. § 586, the U.S. Trustee is obligated to oversee the administration of Chapter 11 cases. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on any issue in any case or proceeding under the Bankruptcy Code. Such oversight is part

---

[1] Based on quarterly property tax payment of $3,500.

of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc.* (*In re Columbia Gas Systems, Inc.*), 33 F.2d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

8. Confirmation of a chapter 11 plan requires that the Debtor meet all requirements of Section 1129(a). *See Matter of Greate Bay Hotel & Casino, Inc.*, 251 B.R. 213, 220-21 (Bankr. D.N.J. 2000).

**Feasibility – 11 U.S.C. § 1129(a)(11)**

9. Section 1129(a)(11) requires a debtor to demonstrate the plan is feasible. *See generally*, 11 U.S.C. § 1129(a)(11). The standard of proof required by a debtor to prove a chapter 11 plan's feasibility is by a preponderance of the evidence. *See In re Rubicon US REIT, Inc.*, 434 B.R. 168, 174 (Bankr. D. Del. 2010); *In re Trans Max Tech., Inc.*, 349 B.R. 80, 92 (Bankr. D. Nev. 2006). The debtor must present evidence to sufficiently demonstrate that a plan has a reasonable chance of succeeding. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. The debtor has to establish concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under a proposed plan. *See Trans Max Tech., Inc.*, 349 B.R. at 92.

10. In addition, the Court is obligated to independently evaluate the plan and determine whether it offers a reasonable probability of success. *See Greate Bay Hotel & Casino, Inc.,* 251 B.R. at 226.

11. "The purpose of § 1129(a)(11) 'is to prevent confirmation of visionary schemes that promise creditors and equity security holders more under a proposed plan than the debtor

could possibly attain after confirmation.'" *See In re Sound Radio, Inc.*, 103 B.R. 521, 522 (D.N.J. 1989), *aff'd sub nom Appeal of Robinson*, 908 F.2d 964 (3d Cir. 1990) (citation omitted).

12. The facts and circumstances of this case demonstrate that the Modified Plan is not feasible and, as a result, fails to qualify for confirmation.

13. The Debtor's own plan projections show that the Debtor will have a monthly deficit of $1,095.67 every month.

14. Moreover, the Debtor's most recent MORs show gross monthly income of $5,539, and after payroll deductions, the monthly income has only been $2,788.00. This is significantly less than the monthly projections of $8,500.

15. The Debtor failed to prove the ability to make plan payments.

16. As the Modified Plan does not comply with Section 1129(a)(11), confirmation must be denied.

## **CONCLUSION**

WHEREFORE, it is respectfully submitted that the Court deny confirmation and grant such other relief as the Court deems just and proper.

    Respectfully submitted,

    ANDREW R. VARA
    UNITED STATES TRUSTEE
    REGIONS 3 & 9

    By:   */s/ Lauren Bielskie*
          Lauren Bielskie
          Trial Attorney

Dated: December 16, 2021